# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| M.M. as Lawful Guardian *Ad Litem* of Minor Child, M.G., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BURKE COUNTY PUBLIC SCHOOLS )<br>BOARD OF EDUCATION, KATHY )<br>AMOS, DAVID BURLESON, and )<br>MICHAEL ANDREW ALEXANDER, )<br>)<br>Defendants. )<br>_____) | CIVIL CASE NO.<br>1:13-cv-00204-MR-DLH |
| R.L. as Lawful Guardian *Ad Litem* of Minor Child, A.L., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BURKE COUNTY PUBLIC SCHOOLS )<br>BOARD OF EDUCATION, KATHY )<br>AMOS, DAVID BURLESON, and )<br>MICHAEL ANDREW ALEXANDER, )<br>)<br>Defendants. )<br>_____) | CIVIL CASE NO.<br>1:13-cv-00227-MR-DLH |

**ORDER APPROVING SETTLEMENT FOR THE BENEFIT OF MINORS**

**THESE MATTERS** are before the Court on the Plaintiffs' Motion for Approval of Minor Settlements [Doc. 77][1] reached by and among the Plaintiffs and the Defendants, excluding Defendant Michael Andrew Alexander.[2] For the reasons that follow, the Court will approve the settlements in these matters as more fully explained herein.

## BACKGROUND

Plaintiffs bring these actions against Defendants alleging the abuse of minors M.G. and A.L. by Defendant Alexander while said minors were enrolled as students in the Burke County school system where Defendant Alexander taught. [Doc. 1]. The parties proceeded to mediation on April 22, 2014, but had insufficient time to resolve all issues. [Doc. 31]. The parties thereafter renewed their mediation efforts and were able to reach settlements on October 24, 2014, as to all parties with the exception of Defendant Alexander. [Docs. 74 and 75].

On November 25, 2014, Plaintiffs filed a Motion for Approval of Minor Settlements seeking a final order of approval. [Doc. 77]. Plaintiffs are

---

[1] By Order entered September 5, 2014 [1:13-cv-204, Doc. 47], the Court consolidated for disposition the two matters appearing in the caption herein. Pursuant to this same Order, the Court designated case 1:13-cv-204 as the lead case for all future filings. Consequently, all references to docketed entries correspond to document numbers appearing on the docket for case 1:13-cv-204.

[2] For the purposes of this Order, any use of the word "Defendants" shall specifically exclude Defendant Michael Andrew Alexander.

asking the Court to approve the settlement agreements reached by the parties through mediation. The terms of the settlement agreements are set forth in documents filed under seal with the Court. [Docs. 84 and 85 (sealed)]. In short, the parties agree, by way of such settlement agreements, to the dismissal of these matters with prejudice and the full release of the Defendants upon M.G.'s receipt of her confidential settlement from Defendants, and upon A.L.'s receipt of her confidential settlement from Defendants.

**FINDINGS OF FACT**

On December 18, 2014, this matter came on for final hearing before the Court. Present at the proceeding[3] were counsel for the parties; M.M., as lawful guardian *ad litem* of Minor Child, M.G.; R.L., as lawful guardian *ad litem* of Minor Child, A.L.; the minors themselves and their parents. Prior to the hearing, the Court reviewed all of the settlement documents and filings pertinent to this matter. During the hearing, the Court addressed the parties who were present, and based on such document review and based on the statements of said parties, the Court makes the following **FINDINGS OF FACT:**

---

[3] Due to the nature of this proceeding, and because it involves minor Plaintiffs, many of the parties are identified on the public docket through the use of pseudonyms. Filed under seal in this matter, and incorporated herein by reference, is a "Sealed Addendum" specifically identifying the minor Plaintiffs and their guardians *ad litem* by true name and other identifying information.

1. Parents are the natural guardians of the person of related minor children, and if they are found to be responsible and accountable, they should be the first choice to consider when a court is confronted with a request for the appointment of guardians *ad litem* to make decisions on behalf of the minor children.

2. At the hearing held December 18, 2014, the Court determined that M.M. was a responsible and accountable person and fit to act as the guardian *ad litem* for M.G., and that M.M. has acted in the best interests of M.G. with respect to this litigation. Accordingly, at that time, the Court appointed M.M. as guardian *ad litem* for M.G. *nunc pro tunc* to June 14, 2013.

3. At the hearing held December 18, 2014, the Court determined that R.L. was a responsible and accountable person and fit to act as the guardian *ad litem* for A.L., and that R.L. has acted in the best interests of A.L. with respect to this litigation. Accordingly, at that time, the Court appointed R.L. as guardian *ad litem* for A.L. *nunc pro tunc* to June 27, 2013.

4. M.M. is the mother and natural guardian for minor M.G. Further, she stated to this Court at the hearing held December 18, 2014, and acknowledged that she:

(a) has read the pleadings and settlement documents filed in this matter and understands the terms thereof and that her minor ward is a beneficiary of a settlement reached among the parties to this proceeding, subject to the approval by the Court.

(b) has met with, and is represented by, counsel of her choice in this matter.

(c) understands the settlement agreement proposes that her minor ward receive a monetary settlement in an amount of which she is aware.

(d) understands the settlement agreement proposes that the total settlement sum for her minor ward would be disbursed as more fully set forth in the settlement agreement under seal in this matter and understands also that a portion of the total settlement sum will go toward paying the expenses of this litigation and attorneys fees. [Doc. 84 (sealed)].

(e) has reviewed with her counsel the claims, evidence, strengths, weaknesses, defenses, immunity issues, insurance coverages and coverage questions, the potential collectability of any judgment, and that her understandings are consistent with the proffer made by the attorneys at the hearing held in this matter, and that she understands these

issues sufficiently to make an informed determination as to the reasonableness and fairness of the settlement.

(f) believes that the proposed settlement for her minor ward is fair and reasonable under the circumstances of this case both as to the amount of the settlement and as to the proposed disbursement.

(g) understands that, if the Court approves the settlement agreement, the monies due her minor ward by Defendants will be disbursed as described in the sealed settlement agreement. [Doc. 84 (sealed)].

(h) understands that, in the event her minor ward requires access to the funds held pursuant to the settlement agreement before attaining the triggering ages, she will be required to appear before the Burke County, North Carolina, Clerk of Court and qualify as a "General Guardian," as that term is defined by N.C. Gen. Stat. § 35A-1202(7). Following such qualification, Chapter 35A of the North Carolina General Statutes will control whether, and to what extent, she will be permitted to withdraw any funds held pursuant to the settlement agreement for the well-being of her minor ward.

(i) understands that the monies paid pursuant to the settlement agreement for the benefit of her minor ward belong to said ward

and not to her, and that she may not use any such monies for the typical parental expenditures such as for food, clothing, shelter, healthcare, or other maintenance costs associated with raising children.

(j) understands that, if the Court approves the settlement agreement, the monies due her ward by Defendants and paid pursuant to the settlement agreement will terminate the claims of her minor ward against Defendants. She understands, too, that her decision to accept the settlement agreement proposed by Defendants (if approved by the Court) will bind her minor ward and said ward will be enjoined from seeking any future redress against Defendants, pursuant to the settlement agreement, based upon the acts and omissions alleged in the Complaint against the Defendants.

5. R.L. is the father and natural guardian for minor A.L. Further, R.L. stated to this Court at the hearing held December 18, 2014, and acknowledged that he:

(a) has read the pleadings and settlement documents filed in this matter and understands the terms thereof and that his minor ward is a beneficiary of a settlement reached among the parties to this proceeding, subject to the approval by the Court.

(b) has met with, and is represented by, counsel of his choice in this matter.

(c) understands the settlement agreement proposes that his minor ward receive a monetary settlement in an amount of which he is aware.

(d) understands the settlement agreement proposes that the total settlement sum for his minor ward would be disbursed as more fully set forth in the settlement agreement under seal in this matter and understands also that a portion of the total settlement sum will go toward paying the expenses of this litigation and attorneys fees. [Doc. 85 (sealed)].

(e) has reviewed with his counsel the claims, evidence, strengths, weaknesses, defenses, immunity issues, insurance coverages and coverage questions, the potential collectability of any judgment, and that his understandings are consistent with the proffer made by the attorneys at the hearing held in this matter, and that he understands these issues sufficiently to make an informed determination as to the reasonableness and fairness of the settlement.

(f) believes that the proposed settlement for his minor ward is fair and reasonable under the circumstances of this case both as the amount of the settlement and as to the proposed disbursement.

(g) understands that, if the Court approves the settlement agreement, the monies due his minor ward by Defendants will be disbursed as described in the sealed settlement agreement. [Doc. 85 (sealed)].

(h) understands that, in the event his minor ward requires access to the funds held pursuant to the settlement agreement before attaining the triggering ages, he will be required to appear before the Burke County, North Carolina, Clerk of Court and qualify as a "General Guardian," as that term is defined by N.C. Gen. Stat. § 35A-1202(7). Following such qualification, Chapter 35A of the North Carolina General Statutes will control whether, and to what extent, he will be permitted to withdraw any funds held pursuant to the settlement agreement for the well-being of his minor ward.

(i) understands that the monies paid pursuant to the settlement agreement for the benefit of his minor ward belong to said ward and not to him, and that he may not use any such monies for the typical parental expenditures such as for food, clothing, shelter, healthcare, or other maintenance costs associated with raising children.

(j) understands that, if the Court approves the settlement agreement, the monies due his ward by Defendants and paid pursuant to the settlement agreement will terminate the claims of his minor ward

against Defendants. He understands, too, that his decision to accept the settlement agreement proposed by Defendants (if approved by the Court) will bind his minor ward and said ward will be enjoined from seeking any future redress against Defendants, pursuant to the settlement agreement, based upon the acts and omissions alleged in the Complaint against the Defendants.

6. To make a determination about the reasonableness of the settlement agreements, the Court requested that the parties give a forecast of trial evidence and provide a candid evaluation of the strengths and weaknesses of their respective claims and defenses. The parties complied with the Court's request and proffered details surrounding the factual and legal circumstances of these matters at the hearing held December 18, 2014, which the Court will summarize in very general terms below.

The Federal Bureau of Investigation and the North Carolina State Bureau of Investigation opened criminal cases against Defendant Alexander after learning that child pornography appearing on the internet could be traced back to him. He was prosecuted by the State of North Carolina, convicted upon his plea of guilty to criminal sex offenses, and sentenced to a term of imprisonment in excess of 40 years. This civil action arose from allegations that Defendant Alexander sexually abused

the minor Plaintiffs while he was employed as a teacher with, and while the minor Plaintiffs were students attending, the Burke County Public Schools. The criminal investigations revealed that approximately 30 Burke County elementary school students may have been victimized by Defendant Alexander. The Burke County Public School System maintained comprehensive liability insurance during the relevant period of Defendant Alexander's employment. The Plaintiffs assert claims for relief based upon both state and federal law. The Defendants deny all allegations of wrong-doing, and those Defendants exclusive of Defendant Alexander deny any notice or knowledge of any unlawful activity allegedly perpetrated by Defendant Alexander.

In evaluating the provisions of the settlement agreements, the Court assessed the following factors:

(a) Claims and Defenses. Plaintiffs have brought both state and federal claims for relief. Defendants have asserted various defenses. Some state claims may be subject to an immunity bar. While a strong basis has been forecast which could support a jury verdict finding Defendant Alexander directly liable, due to the evidence proffered and the showing necessary to establish vicarious or *respondeat superior* liability of the Defendants other than Defendant Alexander, the factual underpinnings

of these matters could lead a jury in a direction favorable to either side. Or, as conceded by the parties, a jury could focus all of the blame on Defendant Alexander. Any judgment rendered solely against Defendant Alexander would likely be uncollectable.

   (b) Insurance. All Defendants (exclusive of Defendant Alexander) are covered by insurance. The insurance policy has a finite limit and it covers all claims against the Burke County School System, including such things as play-ground accidents, and is not limited to coverage simply for teacher malfeasance. The dollar limit and the expansive coverage provisions of the insurance policy have been assessed by the Court with regard to the minor Plaintiffs herein. The policy limits for such insurance was disclosed to the Court and would quite possibly be exhausted if all potential claimants filed suit and prosecuted all such claims to a verdict.

   (c) Potential Claimants. The minor Plaintiffs herein are two of approximately 30 potential claimants that may have been victimized by Defendant Alexander. Besides the two minor Plaintiffs herein, some other former students have sought legal redress and others have not and others may yet. The Court has assessed this factor as it pertains to the two minor Plaintiffs herein, as it pertains to other students who have previously settled

with the Defendants, and as it pertains to other potential claimants coming forward especially given the insurance policy limits and the expansive coverage it provides beyond the scope of any alleged illegal activities committed by Defendant Alexander.

(d) Trial Trauma. Trying these matters necessarily would subject the minor Plaintiffs, their families, and members of the Burke County School System to emotional trauma, and that the avoidance of such trauma is a reasonable consideration for the parties in arriving upon a settlement.

7. The minor Plaintiffs' guardians *ad litem* have reviewed, with the assistance of counsel, the terms of the release agreements they must execute upon the disbursement of the settlement proceeds as ordered herein and are in agreement with the terms thereof. The minor Plaintiffs' guardians *ad litem* agree to the terms and conditions as set forth in the release agreements, blank copies of which were submitted to, and held by, the Court as the Court's Exhibit 1 and the Court's Exhibit 2, and will execute the same following the disbursement of the settlement proceeds as ordered herein.

8. The minor Plaintiffs' guardians *ad litem* agree that the disbursement of the settlement proceeds as ordered herein is fair and

reasonable to their respective minor wards both as to the amount to be paid and as to the distribution of the proceeds thereof when considering the powers and duties imposed generally upon guardians as set forth in N.C. Gen. Stat. § 35A-1252.

9. Based upon all of the foregoing, the Court finds that the settlement agreements for these two minor Plaintiffs are fair and reasonable under all of the circumstances of this case; that the amounts to be paid for the benefit of said minors are fair and reasonable; and that the proposed disbursement of said proceeds is fair and reasonable.

## **CONCLUSIONS OF LAW**

**WHEREFORE,** based upon the forgoing finds of fact, the Court concludes as a matter of law that:

1. Minors, because they are legally incompetent to transact business or give consent for most purposes, need responsible, accountable adults to handle property or benefits to which they are or become entitled. N.C. Gen. Stat. § 35A-1201(a)(6). The guardians *ad litem*, in all respects, are competent and able to understand the ramifications of these settlement agreements, as well as the effect they would have upon their minor wards, and are competent and able to execute their respective duties accordingly.

2. The extent and amount of recovery for each minor child is fair and reasonable and the disbursement of such as ordered herein is in the best interests of each minor child.

3. The disbursement of the settlement proceeds, as set forth in the sealed settlement agreements, benefits each minor child by the way in which the funds are to be used and preserved. The guardians *ad litem* and counsel for the parties have specifically informed the Court that all are in agreement as to the manner of distribution set forth therein and are capable of carrying into effect the same.

4. Each guardian *ad litem* has bound her or his respective minor ward herein in the same manner as if such minor had consented to the settlement as an adult.

5. The parties' settlement agreements should be approved.

### **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiffs' Motion for Approval of Minor Settlements [Doc. 77] is **GRANTED**, and the sealed settlement agreements [Docs. 84 and 85 (sealed)] filed in this matter are hereby **APPROVED**.

2. The total settlement sum for the benefit of minor ward M.G.[4] shall be paid and disbursed as set forth in Sealed Document 84 of the Court's Docket.

3. The total settlement sum for the benefit of minor ward A.L.[5] shall be paid and disbursed as set forth in Sealed Document 85 of the Court's Docket.

4. Within twenty-one (21) days of Defendants' receipt of this Order and IRS W-9 forms executed on behalf of each minor child, Defendants shall effect the disbursement more fully set forth in paragraphs 2 and 3 immediately above.

5. Upon disbursing the payments as set forth in paragraphs 2 and 3 immediately above, Plaintiffs shall execute and deliver to Defendants the release agreements, the unsigned copies of which were previously submitted to the Court and identified as Court's Exhibits 1 and 2 in this proceeding.

6. Within seven (7) days of the disbursement of the settlement proceeds by the Defendants in accordance with this order, counsel for the Defendants shall file with the Court a notice stating that such has been

---

[4] As that person is identified in the Sealed Addendum to this Order filed contemporaneously herewith

[5] As that person is identified in the Sealed Addendum to this Order filed contemporaneously herewith

completed.  Upon the filing of such notice, the balance of this matter shall be dismissed with prejudice, with the exception of dismissing defendant Michael Andrew Alexander, and without costs as to any party.

**IT IS SO ORDERED.**

Signed: January 12, 2015

Martin Reidinger
United States District Judge